**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROBINSON A. WILLIAMS                    *

        Plaintiff                              *

        v.                                      *   CIVIL ACTION NO. ELH-15-3700

THE CHEESECAKE FACTORY                 *
  RESTAURANTS, INC.
                                       *
        Defendant

**MEMORANDUM**

Self-represented Plaintiff  Robinson A. Williams, a Maryland resident, filed a civil rights

action in this court, with exhibits.  ECF 1.  He alleges that the Cheesecake Factory Restaurants,

Inc. defendant, through its counsel, conspired to interfere with Williams' civil rights, in violation

of 42 U.S.C. § 1985.  Williams claims jurisdiction under 28 U.S.C. § 1343 and alleges that venue

is proper pursuant to 28 U.S.C. §§ 1391(c)(2) and (d).  ECF 1 at 2.

**I.  Factual Summary**

The Complaint is not a model of clarity.  But, read in conjunction with the accompanying

exhibits, it presents the following scenario.

On May 22, 2014, Plaintiff and his nine-year-old son stopped for a meal at a Cheesecake

Factory restaurant in Ohio, where the child was served a beverage containing alcohol.  ECF 1-2

at 4; ECF 1-3 at 3.[1]  Plaintiff sued the restaurant in the Cuyahoga County, Ohio Court of

Common Pleas, seeking compensation based on allegations that the child suffered "liver

dysfunction, anxiety and induced alcoholism."  ECF No. 1-2 at 4.  Defense counsel moved to

---

[1] This opinion cites to the pagination assigned to the pleadings through the court's
electronic docketing system.

dismiss the lawsuit.  He argued that Williams, a non-attorney, was engaging in the unauthorized practice of law by attempting to represent his minor son.  *Id.*[2]

In response to the motion to dismiss, the assigned judge in Ohio set the matter for an in-chambers conference attended by counsel and Williams.  As memorialized in a November 25, 2015 "Journey Entry," the Ohio judge found that Williams "is engaging in the unauthorized practice of law," and appointed a guardian ad litem and an attorney to investigate whether the child had "a viable claim and what further action should be undertaken on behalf of the child." A report to the court is due on December 30, 2015.  *See Robinson Williams, et al. v. Cheesecake Factor[y] Restaurants, Inc.,* Case No. CV-15-842875 (Court of Common Pleas, Cuyahoga County OH), ECF 1-4 at 2.

This suit followed. Williams seeks punitive damages, claiming that counsel for defendant in Ohio "conspired to scorn and dehumanize [him]" and subjected him to violation of his Fourth, Thirteenth, and Fourteenth Amendment rights by arguing that Williams' litigation on behalf of his son constituted the unauthorized practice of law.  ECF 1 at 3-6.  Stated another way, Williams invokes 42 U.S.C. § 1985 based on an argument that defense counsel's actions, which resulted in a court ruling barring him from representing his child, constitute a conspiracy to interfere with his civil rights.

## II.  Discussion

Section 1985 of 28 U.S.C. is a civil rights statute.  It specifies what constitutes a conspiracy to violate constitutional rights.  It is designed to protect citizens in the following instances:

(1) Preventing officer from performing duties

---

[2] The attorney insisted that neither he nor his client reported Williams for the unauthorized practice of law.  *See* EC F 1-1 at 10.

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or

privilege of a citizen of the United States, the party so injured or deprived
may have an action for the recovery of damages occasioned by such injury or
deprivation, against any one or more of the conspirators.

Plaintiff has paid the filing fee.   Nevertheless, a court has broad, inherent power to dismiss an action, *sua sponte*, if the action is frivolous, vexatious, or brought in bad faith. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (district courts have the authority to dismiss a frivolous complaint *sua sponte*, notwithstanding the payment of the filing fee); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on her own initiative); *Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.C. 1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action, *sua sponte*).   Therefore, this court has the discretion to dismiss a case at any time, notwithstanding plaintiff's payment of the filing fee, if it determines that the action is factually or legally frivolous.

Although a complaint need not contain detailed allegations, the facts alleged must be sufficient to state a right to relief; it requires "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  "Threadbare recitals of the elements of a cause of action . . . do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Williams' contentions are patently insufficient to sustain a § 1985 conspiracy claim. Williams indicates his complaint "does not join as a party the Ohio Trial Judge…" but also

indicates "any alleged claims against the Ohio Judge would be filed separately." ECF 1 at 1, ¶ 1. This assertion undercuts his conspiracy claim.

Section 1985 may be invoked in situations where an attorney conspires with a state official to violate constitutional rights, as those conspirators are deemed to act under color of state law. However, to state a claim, there must be facts as to the alleged conspiracy. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy).

Williams does not provide any facts by which a conspiracy may be inferred. The fact that an attorney succeeds in arguing on behalf of his client, without more, does not amount to a conspiracy to deprive another individual of his civil rights. The complaint here establishes that counsel for defendant argued in the Ohio court that Williams, as a *pro se* representative, could not represent his minor child. In support of the defense position, defense counsel argued that Williams' attempt to handle the case involving his child constituted the unauthorized practice of law. The Ohio court agreed. It concluded that Williams, who is not a lawyer, could not litigate on behalf of his minor child. Therefore, the judge appointed both a guardian ad litem and an attorney to represent the child. This determination comports with Ohio law. *See In re: D.L.*, 189 Ohio App. 3rd 154, 937 N.E. 2d 1042 (2010); *see also* Ohio Rev. Code Ann. Civil Pro. Rule 17(B).

In *In re D.L.*, the Court of Appeals of Ohio recognized that a child's guardian may file a suit on behalf of the minor. *Id.* at 158, 937 N.E. 2d at 1044. But, the court was clear that "the representative, unless a licensed attorney, may not act as counsel for the minor." *Id.* The court added, *id.*: "A person's inherent right to proceed pro se in any court pertains only to that person and does not extend to the person's spouse, child . . . ." In addition, the court stated that "judges

have the ethical duty to prevent the unauthorized practice of law." *Id*. at 158, 937 N.E. 2d at 1045.  It then pointed to Ohio's definition of the unauthorized practice of law, and to Ohio's rules of procedure, which do "not permit a nonattorney parent to act as a lawyer for that child." *Id.*

Clearly, the Ohio judge was legally and ethically obligated to adhere to this law, even if defense counsel had not raised it.  In other words, it would have been apparent to the judge that plaintiff was not a member of the Ohio Bar, and therefore not allowed to represent his child.

The Ohio procedural rule and case law mirror federal practice.  As a general rule, the "vast majority" of federal courts do not permit parents, guardians, or next friends to represent a minor child in federal court.  *See*, *e.g.*, *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 400-401 (4th Cir. 2005) (citing cases).  This practice is designed to protect the interests of the minor from being compromised by one who lacks the legal training necessary to protect the child.

### III.  Conclusion

In Ohio, counsel for defendant argued that Williams had no right to represent his minor child in the Ohio court.  In support of his position, counsel argued that Williams' attempt to remain in the case involving his child constituted the unauthorized practice of law.  Consistent with Ohio law, as outlined above, the Ohio judge agreed.  Therefore, he appointed both a guardian ad litem and an attorney to represent the child.  The rights of the alleged victim in the incident – the child – were protected by the court's decision.

Williams has failed to allege facts to establish a basis for his claim under 42 U.S.C. § 1985.  Therefore, I will dismiss the case.

A separate Order follows.


December 8, 2015                                      _____/s/_____
(Date)                                               Ellen L. Hollander
                                                     United States District Judge