## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBINSON A. WILLIAMS          \*

       Plaintiff           \*

     v.               \*  CIVIL ACTION NO. ELH-15-3700

THE CHEESECAKE FACTORY    \*
  RESTAURANTS, INC.
                           \*

       Defendant

### MEMORANDUM

Self-represented plaintiff Robinson A. Williams filed a civil rights action in this court pursuant to 42 U.S.C. § 1985, alleging that the defendant, a restaurant, through its counsel, conspired to interfere with Williams's civil rights in Ohio.[1] Williams claimed jurisdiction based on 28 U.S.C. § 1343 and alleged venue in this Court, pursuant to 28 U.S.C. §§ 1391(c)(2) and (d). ECF 1 at 2. By Order of December 8, 2015 (ECF 3), this court dismissed Williams's action, *sua sponte*, for the reasons set forth in a Memorandum issued on the same date. ECF 2.

Thereafter, on December 28, 2015, pursuant to Fed. R. Civ. P. 62(c), Williams filed a motion to stay the Order of December 8, 2015 (ECF 5), pending his appeal to the United States Court of Appeals for the Fourth Circuit. That motion is supported by a memorandum. ECF 5-1. On the same date, Williams also filed a "Motion To Vacate" this Court's Order of December 8,

---

[1] In ECF 1-1, a submission filed by plaintiff in an Ohio court on November 20, 2015, plaintiff used an Ohio address. In a submission in that case on December 3, 2015 (ECF 1-3 at 4), and in the filing of this suit on the same date, plaintiff used a Maryland address for his residence. ECF 1; ECF 1-5.

2015 (ECF 6), supported by a memorandum.  ECF 6-1.[2]  No hearing is necessary to resolve the motions.  *See* Local Rule 105.6.

## I.   Factual Summary

On May 22, 2014, plaintiff and his nine-year-old son dined at a Cheesecake Factory restaurant in Ohio, where the child was accidentally served a beverage containing alcohol.  ECF 1-2 at 4; ECF 1-3 at 3.[3]  Plaintiff sued the restaurant in the Court of Common Pleas for Cuyahoga County, Ohio, seeking compensation based on allegations that the child suffered "liver dysfunction, anxiety and induced alcoholism."  ECF 1-2 at 4.

Counsel for the defendant moved to dismiss the lawsuit.  He argued that Robinson, a non-attorney, was engaging in the unauthorized practice of law by attempting to represent his son.  *Id.*

In response to the motion to dismiss, the Ohio judge held a conference on the record on November 16, 2015, attended by defense counsel and Williams.  ECF 1-4 at 2.  As memorialized in a "Journey Entry" of November 25, 2015 (ECF 1-4), the Ohio judge found that Williams "is engaging in the unauthorized practice of law," and appointed a guardian ad litem as well as an attorney for the child.  The guardian ad litem was directed to report to the court by December 30, 2015, as to whether the child had "a viable claim and what further action should be undertaken on behalf of the child."  *Id.  See Robinson Williams, et al. v. Cheesecake Factor[y] Restaurants, Inc.,* Case No. CV-15-842875 (Court of Common Pleas, Cuyahoga County OH), ECF 1-4 at 2.

---

[2] At 2:54 p.m. on January 5, 2016, just as I was completing this Memorandum, Williams's notice of appeal was docketed.  *See* ECF 7.

[3] This opinion cites to the pagination assigned to the pleadings through the court's electronic docketing system.

Williams filed suit in this court on December 3, 2015 (ECF 1), pursuant to 42 U.S.C. § 1985, and supported by several exhibits. He claimed that counsel for defendant "CONSPIRED to scorn and dehumanize" him, "in retribution for pointing out that the Defendant lacks standing under UPL [*i.e.*, unauthorized practice of law] and that Trial Judge lacks subject matter jurisdictions [sic] over UPL . . . ." ECF 1, ¶ 9. According to plaintiff, the defendant and the Ohio judge subjected plaintiff, who is Black (*see* ECF 1, ¶ 10), to "involuntary servitude" (*id.*, ¶¶ 9, 10), and subjected him to the violation of his rights under the Fourth, Thirteenth, and Fourteenth Amendments to the Constitution, by arguing that Williams's suit on behalf of his son constituted the unauthorized practice of law. ECF 1 at 3-6.

As noted, Williams's suit was predicated on 42 U.S.C. § 1985, based on the contention that counsel's actions in Ohio, which resulted in a court ruling barring him from representing his child, constituted a conspiracy with the Ohio judge to interfere with Williams's civil rights. This Court dismissed the case, *sua sponte*, by Memorandum (ECF 2) and Order (ECF 3) of December 8, 2015. Williams now seeks to stay the dismissal Order of December 8, 2015 (ECF 5) and to vacate that Order. ECF 6.

## II. Standard of Review

I shall construe the Motion to Vacate as a motion for reconsideration. Because it was filed within twenty-eight days of the underlying Order, it is governed by Fed. R. Civ. P. 59(e). Such a motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F. 3d 403, 411 (4th Cir. 2010); *see Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996).

3

The plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to reconsider.  But, the Fourth Circuit has said:  "Our case law makes clear [ ] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999).  But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted).  "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995)); *see* 11 WRIGHT ET AL, FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) (stating "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins Co.*, 148 F.3d at 403 (citation omitted).

### III. Discussion

Williams asserts that, under Ohio law, defendant "committed fraud in establishing its standing under UPL [unauthorized practice of law] . . . ." ECF 1 at 1. He posits that only the Ohio Supreme Court's Office of Disciplinary Counsel, the Ohio Attorney General, and the president of the local Ohio Bar association are authorized to file an action against an individual in the Ohio courts for the unauthorized practice of law. ECF 6-1 at 1, ¶ 4. Although Williams did not sue the Ohio judge, he also asserts that, while "acting under the color of the law," the "Ohio Trail [sic] Judge stepped into the Ohio Supreme Court's shoes" and "accepted Defendant's fraudulent solicitation, and made an unlawful determination on a subject matter that is beyond the . . . jurisdiction of the Trail [sic] Judge . . . ." *Id*. ¶ 8. Further, Williams contends that defense counsel's argument in the Ohio case "clearly shows defendant targeted the Plaintiff using its fraudulent claim to solicit the Ohio Trial Judge to abandon his Constitutional role as an impartial and neutral arbiter and become its advocator." ECF 6-1 at 2, ¶ 7.

In *A Society Without A Name v. Virginia*, 655 F.3d 342 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1960 (2012), the Fourth Circuit considered, among other things, the adequacy of a claim under 42 U.S.C. § 1985(3). It said, *id*. at 346: "[W]here a conspiracy is alleged, the plaintiff must plead facts amounting to more than 'parallel conduct and a bare assertion of conspiracy. . . . Without more, parallel conduct does not suggest conspiracy, and a conclusory

allegation of agreement at some unidentified point does not supply fact adequate to show illegality.'" (Citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)).[4]  The Court added that "factual allegations must plausibly suggest agreement, rather than being merely consistent with agreement." *Id.*

To state a claim under 42 U.S.C. § 1985(3), "Depriving persons of rights or privileges," the Fourth Circuit said in *Society Without A Name*, 655 F.3d at 346, that a plaintiff must set forth the following:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995).

In addition, the plaintiff "must show an agreement or a meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights." *Poe*, 47 F.3d at 1377 (internal quotation marks omitted).  And, of import here, the *Poe* Court said, *id.*: "[W]e have specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts."

In my view, the Complaint falls woefully short of stating a claim under § 1985, as outlined above.  Williams's contentions simply do not hold water, and his allegations are deficient.

As noted previously, Ohio law does not permit a non-attorney to represent a minor.  *See In re: D.L.*  There, 189 Ohio App. 3rd 154, 937 N.E. 2d 1042 (2010); *see also* Ohio Rev. Code Ann. Civil Pro. Rule 17(B).  In my Memorandum of December 8, 2015, I reviewed the case of *In re D.L.*  There, the Court of Appeals of Ohio recognized that a child's guardian may file a suit on

---

[4] Two judges dissented from other portions of the opinion.

behalf of the minor. *Id.* at 158, 937 N.E. 2d at 1044. But, the court was clear that "the representative, unless a licensed attorney, may not act as counsel for the minor." *Id.* The court added, *id.*: "A person's inherent right to proceed pro se in any court pertains only to that person and does not extend to the person's spouse, child . . . ." In addition, the court stated that "judges have the ethical duty to prevent the unauthorized practice of law." *Id.* at 158, 937 N.E. 2d at 1045. It then pointed to Ohio's definition of the unauthorized practice of law, and to Ohio's rules of procedure, which do "not permit a nonattorney parent to act as a lawyer for that child." *Id.*

Therefore, the Ohio judge in plaintiff's case was legally and ethically obligated to adhere to this law, even if defense counsel had not raised it.  Surely, it would have been apparent to the Ohio judge that plaintiff was not a member of the Ohio Bar, and therefore not allowed to represent his child.

In his motions, plaintiff does not contend that there has been an intervening change in controlling law or newly discovered evidence.  Indeed, plaintiff sets forth no grounds under Rule 59(e) for reconsideration of the Order dismissing the case.

Accordingly, Williams's Motion to Vacate (ECF 6), construed as a motion for reconsideration, is denied.  The motion to stay (ECF 5) likewise is denied.

An Order follows, consistent with this Memorandum.


Date:  January 5, 2016

_____/s/_____
Ellen L. Hollander
United States District Judge